502 P.2d 300

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Gilbert GONZALES, Defendant-Appellant.**

**No. 922.**

Court of Appeals of New Mexico.
Sept. 15, 1972.

Rehearing Denied Oct. 3, 1972.

Certiorari Denied Oct. 26, 1972.

Richard H. Miller, Santa Fe, for defendant-appellant.

David L. Norvell, Atty. Gen., Winston Roberts-Hohl, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

COWAN, Judge.

The defendant was convicted of a felony in New Mexico in 1966. On November 22, 1971, he pled guilty to another felony and was sentenced to a term of two to ten years in the penitentiary. On December 22, 1971, the District Attorney for the First Judicial District filed a Habitual Criminal Information against the defendant under § 40A–29–5(A), N.M.S.A.1953 (Repl.Vol. 6), based on the 1966 and 1971 convictions. The defendant admitted his identity and the fact of the 1966 felony and was thereupon assessed an amended sentence of five to twenty years, from which he appeals. He was given credit on the enhanced sentence for the time he had served on the first sentence.

We affirm.

Defendant argues that the enhanced sentence following his 1971 plea of guilty constitutes double punishment for the 1966 offense. The state concedes that the constitutional prohibition against double jeopardy, Article II, Section 15, New Mexico Constitution, proscribes double punishment. State v. Baros, 78 N.M. 623, 435 P.2d 1005 (1968). Defendant's argument, however, is without merit. His first conviction, standing alone, was not the cause of the enhanced sentence of which he now complains. The legislature enacted the Habitual Criminal Act, § 40A–29–5 et seq., N.M.S.A.1953 (Repl.Vol. 6), to inhibit repetition of criminal acts by individuals against the peace and dignity of the state. It is designed to protect society against habitual offenders. State v. Baldonado, 79 N.M. 175, 441 P.2d 215 (Ct.App.1968).

The Act

" . . . does not make the conviction of prior felonies the subject of pun-

ishment, as such, as a separate offense. It only provides that proof of the conviction of prior felonies increases the penalty to be imposed upon conviction of a subsequent felony in New Mexico. . . ."

French v. Cox, 74 N.M. 593, 396 P.2d 423 (1964).

■ By his second point defendant again urges double jeopardy because of the imposition of the enhanced sentence after he had started to serve the original sentence. In support of this position the defendant relies on State v. Allen, 82 N.M. 373, 482 P.2d 237 (1971). *Allen,* however, is distinguishable on its facts. There, the court assessed a valid sentence but later, after denial of post-conviction relief, imposed another valid, although longer, sentence. The New Mexico Supreme Court held this increased sentence a violation of the constitutional guarantee against double jeopardy. The Habitual Criminal Act, involved here, but not in *Allen,* makes the imposition of an enhanced sentence mandatory. State v. Sedillo, 82 N.M. 287, 480 P.2d 401 (Ct.App.1971).

The Supreme Court of the United States, in Graham v. West Virginia, 224 U.S. 616, 32 S.Ct. 583, 56 L.Ed. 917 (1912), upholding a similar Habitual Criminal Act, stated:

"The principles governing a proceeding of this sort, to inquire into the fact of prior conviction, were stated in Ross's Case (1824), 2 Pick. 165, 169–171. The legislature of Massachusetts (St. 1817, c. 176, approved February 23, 1818) had provided for increased punishment upon second and third convictions. Reciting that the previous conviction might not be known to the grand jury or to the attorney for the commonwealth at the time of the indictment and trial, the statute contained the following provision closely resembling the one now under consideration:

" 'That whenever it shall appear to the Warden of the State Prison, . . .

that any convict, received into the same, pursuant to the sentence of any Court, shall have before been sentenced, by competent authority of this or any other state, to confinement to hard labor for term of life or years, it shall be the duty of the said Warden, . . . to make representation thereof, as soon as may be, to the Attorney or Solicitor General; and they or either of them shall, by information, or other legal process, cause the same to be made known to the Justices of the Supreme Judicial Court, . . . and the said Justices shall cause the person or persons, so informed against, to be brought before them, in order, that if he deny the fact of a former conviction, it may be tried according to law, whether the charge contained in such information be true. And if it appear by the confession of the party, by verdict of the jury, or otherwise, according to law, that said information is true, the Court shall forthwith proceed to award against such convict, the residue of the punishment provided in the foregoing section; otherwise the said convict shall be remanded to prison, there to be held on his former sentence.' (Laws of Mass., 1815–1818, pp. 602, 603.) Ross, then undergoing sentence for five years was brought before the court pursuant to such an information, and his term of imprisonment was increased. In sustaining this sentence, the court, by Parker, C. J., said (p. 171):

" 'In regard to the objection made to the process, this is not an information of an offence for which a trial is to be had, but of a fact, namely, that the prisoner has already been convicted of an offence; and this fact must appear, either by his own confession, or by verdict of a jury, or otherwise according to law, before he can be sentenced to the additional punishment. Is he to be sentenced for an offence distinct from the one for which he has been tried upon an indictment? We apprehend not; but the only question is, whether he is such a person

as ought to have been sentenced, on his last conviction, to additional punishment, if the fact of a former conviction had been known to the court. There was no need of a presentment by a grand jury, for no offence was to be inquired into. That had been already done. An indictment is confined to the question whether an offence has been committed. Here the question was simply whether the party had been convicted of an offence.

" 'It is said, that at common law both offences should be stated in the same count. The question upon this is, whether the legislature had not a right to prescribe a different mode; and we think they had.'

"In the case at bar, the record is silent upon the question whether the fact of the former convictions was known at the time of the last indictment and trial. This, however, cannot be regarded as important from the constitutional standpoint. The indictment did not allege the prior convictions; the issue was not involved in the trial of the indictment and the court could not have considered these convictions in imposing sentence. State v. Davis, 68 W.Va. 142, 150, 151, 69 S.E. 639. They were not considered until the subsequent proceeding was had. Doubtless, as has been said, the object in providing the alternative proceeding is to make sure that old offenders should not be immune from the increased punishment because their former conviction was not known when they were last tried. But this does not define the limit of state power. Although the State may properly provide for the allegation of the former conviction in the indictment, for a finding by the jury on this point in connection with its verdict as to guilt and thereupon for the imposition of the full sentence prescribed, there is no constitutional mandate which requires the State to adopt this course even where the former conviction is known. It may be convenient practice, but it is not obligatory. This conclusion necessarily follows from the distinct nature of the issue and from the fact, so frequently stated, that it does not relate to the commission of the offense, but goes to the punishment only, and therefore it may be subsequently decided."

The Supreme Court also said:

"If a State adopts the policy of imposing heavier punishment for repeated offending, there is manifest propriety in guarding against the escape from this penalty of those whose previous conviction was not suitably made known to the court at the time of their trial. Otherwise, criminals who change their place of operation and successfully conceal their identity would be punished simply as first offenders, although on entering prison they would immediately be recognized as former convicts. It is to prevent such a frustration of its policy that provision is made for alternative methods; either by alleging the fact of prior conviction in the indictment and showing it upon the trial, or by a subsequent proceeding in which the identity of the prisoner may be ascertained and he *may be sentenced to the full punishment fixed by law. . . .*" [Emphasis added]

The Supreme Court of New Mexico in Lott v. Cox, 76 N.M. 76, 412 P.2d 249 (1966), a similar case, stated:

"The jury's determination that Walter Lott had been convicted of four prior felonies required a life sentence in Cause No. 5047. Sec. 41–16–3, N.M.S.A.1953 (repealed by Ch. 303, Laws 1963, and reenacted as §§ 40A–29–5 through 40A–29–8, N.M.S.A.1953). The order of vacation of the previous sentence amounts only to a formal recognition of the fact that *the previous sentence has been supplanted by the only sentence which the law recognizes. . . .*

"The sentence of the court in the felony case (No. 5047) was incomplete, until the resentence in April, 1965, in that the previous sentence was not vacated and the mandatory statutory increased punishment imposed as required by law. However, we see no reason, *constitution-*

al or otherwise, why the court which imposed sentence may not correct what it did wrongly by vacating the sentence for breaking and entering and imposing the mandatory sentence in place of the one vacated, as was done on April 28, 1965." [Emphasis added]

■ By this third point defendant argues that his enhanced sentence was punishment because of his status rather than because of the commission of a crime and therefore constitutes cruel and unusual punishment, prohibited by the Eighth Amendment of the United States Constitution. Defendant cites Robinson v. California, 370 U.S. 660, 82A S.Ct. 1417, 8 L.Ed. 2d 758 (1962), where the United States Supreme Court held that it was cruel and unusual punishment under the Eighth Amendment of the United States Constitution to sentence a person to jail for having the *status* of a narcotics user. Although the New Mexico Supreme Court has held that habitual criminality is a status rather than an offense, *Robinson* is not in point. The defendant here was not convicted of being an *habitual criminal* but of the *commission* of a criminal *act,* assault with intent to commit a violent felony. He was being punished for the commission of that crime by a substituted enhanced sentence as prescribed by statute. People v. Luckey, 90 Ill.App.2d 325, 234 N.E.2d 26 (1967).

■ By his fourth and last point the defendant attempts to challenge the constitutionality of the Act on the ground that convictions outside the State of New Mexico are considered under our Habitual Criminal Act and that an enhanced sentence may constitute punishment for acts done outside the State of New Mexico. Since both of defendant's convictions were in New Mexico, he lacks standing to challenge the constitutionality of the Act on this ground. See State v. Hines, 78 N.M. 471, 432 P.2d 827 (1967).

The judgment and sentence is affirmed. It is so ordered.

SUTIN and HERNANDEZ, JJ., concur.