Johnny JAMES, Petitioner-Appellant,

v.

Felix RODRIGUEZ, Respondent-Appellee.

No. 76–1047.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted March 3, 1977.

Decided April 12, 1977.

Rehearing Denied April 29, 1977.

W. Michael Celestre, Window Rock, Ariz.
(Robert Ericson, Window Rock, Ariz., on
the brief), for petitioner-appellant.

Andrea R. Buzzard, Asst. Atty. Gen., Santa Fe, N. M. (Toney Anaya, Atty. Gen., Santa Fe, N. M., on the brief), for respondent-appellee.

Before McWILLIAMS, BREITENSTEIN and DOYLE, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

The United States District Court for the District of New Mexico denied relief on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. Section 2254. The dismissal was without prejudice, the basis for it being that the prosecutor had no discretion in invoking the Habitual Criminal Act, that application of the Act did not constitute cruel and unusual punishment, and that the defendant had failed to exhaust his state remedies as to his claim that the Act was applied to him in an arbitrary and discriminatory manner. The alleged invalidity of the sentence imposed by the District Court of McKinley County, New Mexico has given rise to the instant habeas corpus proceeding and the appeal.

Concurrent sentences of not less than one year nor more than five years were originally imposed. On appeal the New Mexico Court of Appeals reversed and remanded for a new trial. There followed a conviction on the original charges at the second trial at which time the appellent was sentenced to two terms of confinement of not less than one year and not more than five years, the sentences to run consecutively.

Only after this imposition of sentence did the district attorney proceed to file a new information alleging that the petitioner was a habitual offender under NMSA Sections 40A–29–5 and 40A–29–6. The court determined that the defendant had been convicted in accordance with this additional charge and proceeded to impose a sentence of life imprisonment. Post conviction relief from the state court was pursued and on appeal the argument of appellant was that the legislative intent required that the Habitual Offender Act be applied one step at a time, that the prosecutor's act had the appearance of retaliation, and that the application

of the Habitual Offender Act constitutes cruel and unusual punishment. The New Mexico Court of Appeals rejected these arguments.

As we have noted above, there were two trials and in each instance the sentence was one year to five years, the first sentence was to run concurrently, the second consecutively. It was not until after the reversal of the first conviction and the sentence on the occasion of the second conviction that the district attorney proceeded under the Habitual Offender Act, whereby his sentence to life imprisonment was imposed.

The contention of appellant is that the filing of the habitual criminal charge subsequent to the appellant's retrial and reconviction, thereby bringing about a sentence to life imprisonment, was contrary to *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), and *Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974). The *Pearce* case is not unlike the case at bar. Pearce was first convicted in a North Carolina court of assault with intent to commit rape. He was sentenced to a term of 12 to 15 years in prison. Some time later he initiated a postconviction proceeding in state court which resulted in reversal of this conviction by the Supreme Court of North Carolina. This was brought about because of the receipt in evidence of an involuntary confession. He was retried, was again convicted and was sentenced, this time to eight years in prison, a sentence which resulted in his serving more time than he would have had he not appealed. It increased his sentence in the net amount of three years. Pearce instituted habeas corpus proceedings in the United States District Court for the Eastern District of North Carolina. That court ruled that the longer sentence was unconstitutional and void. When the state court neglected to resentence Pearce within 60 days, the federal court ordered his release, an order which was affirmed by the United States Court of Appeals for the Fourth Circuit.

In a companion case to *Pearce,* that of *Simpson v. Rice,* an Alabama court sentenced the accused following pleas of guilty to four charges of second degree burglary. The sentence was to prison terms aggregating ten years. Two and one-half years later the judgments were set aside for failure to provide Rice with counsel. He was then retried and convicted and sentenced to prison terms aggregating 25 years, no credit having been given for the time spent in prison under the original judgments. He also brought habeas corpus proceedings in the United States District Court for the Middle District of Alabama, contending that the trial court had acted invalidly in failing to give him credit. The district court agreed with this noting that justification for the harsher sentence was not shown in the record.

The Supreme Court ruled that it was a violation of due process to compel a man to serve the same sentence twice because of having appealed. The Court then went on to say that the cases from the Supreme Court and other courts have uniformly held that if a man appeals and succeeds in getting the judgment reversed that the imposition of a heavier sentence on the second conviction is not per se unconstitutional, and that neither the double jeopardy provision of the Fifth-Fourteenth Amendments nor the equal protection clause of the Fourteenth Amendment creates an absolute bar to a more severe sentence following reconviction. The evil arises, according to the opinion of Mr. Justice Stewart, where the more severe sentence is related to the fact that the defendant appealed; the imposition of a punishment for exercising a constitutional right is "patently unconstitutional."

The objection to the heavy sentence is that it interferes with the free exercise of the right of appeal. Thus it is potentially a misuse of power where it is done vindictively. To avoid this it was held that the reasons for the more severe sentence must be set forth and must include objective information.

In the *Rice* case there was no attempt to justify the increased punishment. In the

*Pearce* case also it did not appear that there was any justification apart from the naked power to impose it. On that basis the holding was that the sentences were invalid. In the instant case, there was also no attempt to justify the increased punishment.

*Blackledge v. Perry, supra,* was not dissimilar. A North Carolina inmate had an altercation with another prisoner, and was charged with and convicted of assault with a deadly weapon in state district court. He appealed to the higher court where he would have been entitled to a trial *de novo,* but upon the exercise of this right of appeal the district attorney filed a more serious charge, the felony of assault with a deadly weapon with intent to kill and inflict serious bodily injury. Defendant entered a plea of guilty to that charge. Thereafter, he applied for a writ of habeas corpus in federal court claiming that the new charge deprived him of due process. The district court granted the writ and the court of appeals affirmed. The Supreme Court agreed with the contention that the filing of the felony charge constituted a violation of due process since the defendant had a right to pursue his *de novo* appeal without fear of a more serious charge being filed against him.

In the *Perry* case there was an additional problem not present at bar growing out of the fact that Perry had entered a plea of *guilty* to the felony count. The Supreme Court's answer to this was that it was invalid to file a felony charge and, therefore, his plea of guilty was incapable of validating that proceeding. The essence of the Court's holding was that the refiling was vindictive, there having been nothing in the record to disprove this, and where there is a realistic likelihood of vindictiveness the due process clause is violated.

The district attorney, it is pointed out, has a stake in discouraging appeals and he has the ability at hand to prevent them. Neither bad faith nor motive is necessary. Rather, the emphasis is on the right of the person convicted to pursue his right to trial *de novo* or appeal without fear that he will suffer a more serious charge. On that ground it was held to be a violation of the Constitution for the state to respond to the appeal of Perry by filing a more serious charge against him.

Judging the case at bar by the standards set forth in *Pearce* and *Perry,* we must conclude that in the absence of evidence to the contrary, the filing of the habitual criminal charge was not unrelated to his having appealed. The fact that there was a gross increase in the sentence supports this conclusion. Thus one who appeals a one to five year sentence ought not to have to anticipate that he will end up being sent to prison for life.

It is argued by the government that the district attorney was not exercising discretion because the habitual criminal statute, Section 40A–29–6 NMSA (1953 Comp.), provides that where the defendant has a criminal record the filing of the habitual criminal statute is mandatory. It is true that the statute contains mandatory language.[1] The courts of New Mexico have construed the statute as being mandatory. *See State v. Gonzales,* 84 N.M. 275, 502 P.2d 300 (App. 1972); *State v. Sedillo,* 82 N.M. 287, 480 P.2d 401 (App.1971); and *State v. McCraw,* 59 N.M. 348, 284 P.2d 670 (1955). *But see State v. Baldonado,* 79 N.M. 175, 441 P.2d 215 (App.1968).

In *State v. Gonzales, supra,* for example, defendant was convicted in November 1971 and was sentenced to two to ten years. On December 22, 1971, the district attorney filed a habitual criminal information based on an earlier conviction plus the November 1971 conviction. The result of this was that an amended sentence of five to twenty years was imposed.

1. NMSA Section 40A–29–6 provides that:
   If at any time, either after sentence or conviction, it shall appear that a person convicted of a felony has previously been convicted of a crime amounting to a felony in this state

   . . . it shall be the duty of the district attorney of the district in which such subsequent conviction was had, to file an information charging the person as a habitual offender.

In *State v. Baldonado, supra,* the New Mexico Court of Appeals upheld an individual's conviction under the Habitual Criminal Act and overruled his contention that his rights under the equal protection clause of the Fourteenth Amendment were violated because of the uneven application of the habitual criminal statute. In its opinion the New Mexico Court of Appeals recognized that district attorneys do not file an information under the Habitual Criminal Act in each instance in which it is possible to do so. The court recognized that a reason for failing to prosecute defendant subject to the Act, such as inability to prove the prior conviction or procedures necessary to obtain the presence of witnesses from out of state, was not available. The court went on to say that selective application of the Act will be a ground for relief only when it is shown to be intentional or personal discrimination or arbitrary action amounting to an unjust and illegal discrimination between persons in similar circumstances. From a reading of this opinion it is apparent that the Act is not always used.

In *State v. McCraw, supra,* it was held that where an information which charged the defendant with being a habitual criminal was filed a month after his last conviction, there was good and sufficient reason for the delay.

In the case at bar no effort has been made by the State of New Mexico to furnish an explanation as required by the Supreme Court's opinions in *North Carolina v. Pearce, supra,* and *Blackledge v. Perry, supra.* The State simply points to the mandatory terms of the statute. We, however, do not consider this a sufficient answer to the charge that the habitual criminal statute was employed in a manipulative way. On the other hand, we find it significant that the habitual criminal charge was not brought in until after the appeal and reversal of the first conviction.

Another reason why the mandatory nature of the Habitual Criminal Act is not a conclusive answer to the unexplained filing of the habitual criminal charge after appeal and reversal is that the district attorney, and he alone, is empowered to file informations. He also has authority to not file informations. The fact that a state court might be able to force him to file under the Habitual Criminal Act where such a charge would lie does not mean that he does not or cannot file a charge or withhold the charge as he sees fit. In the case at bar he chose to withhold the filing of it at the time of the first conviction, and it was only after the appeal, reversal and trial resulting in conviction on the charge in the second proceeding that he came forward with the habitual criminal charge. In our opinion what appears to be a tactical filing under the Habitual Criminal Act constitutes an interference with the right of appeal and it is thus a violation of the due process clause of the Fourteenth Amendment.

Accordingly, we conclude that the judgment of the district court must be reversed. The cause is remanded to the district court with instructions to grant the relief requested, which is the vacating of the aggravating life imprisonment sentence. The district court is further directed to order the State District Court for the New Mexico Eleventh Judicial District to reinstate the two one to five year sentences to run consecutively. Upon resentencing of the defendant the sentencing court should be directed to credit the defendant with time which he has served on this particular charge. It is so ordered.

McWILLIAMS, Circuit Judge, dissenting:

I respectfully dissent and would affirm the judgment of the district court on the basis of the reasons given in its memorandum opinion.

The New Mexico habitual criminal statute is mandatory in its terms. N.M.Stat. Ann. § 40A–29–6. The fact that a district attorney has not proceeded against all who come within the reach of an habitual criminal statute does not deny equal protection to persons who are prosecuted thereunder. *Oyler v. Boles,* 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962). There is no requirement under the New Mexico habitual criminal statute that the charge of being an

habitual offender must be filed when the information charging the current offense is filed. On the contrary, the statute provides that *"if at any time,* either *after sentence* or *conviction,* it shall appear that a person convicted of a felony has previously been convicted of a crime . . . it shall be the duty . . .."* (Emphasis added.) N.M.Stat.Ann. § 40A–29–6. Under the statute, then, it would appear that the district attorney may wait until there has been a final conviction on the current charge before filing an information charging the defendant as an habitual offender. In *State v. McCraw,* 59 N.M. 348, 284 P.2d 670 (1955), an amended information, charging the defendant as an habitual offender under a predecessor statute, was filed one year after the conviction on the current offense. I do not believe that the practice in New Mexico of waiting to file habitual criminal charges until the conviction on the current charge has become final comes within the prohibitions of *Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974) or *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

In his amended petition filed in the district court, the petitioner in the instant case did *not* charge the district attorney in instituting habitual criminal charges against him with acting in a vindictive or retaliatory manner. All that was alleged was that the sequence of events indicated an "appearance" of retaliatory action. If there had been a charge that the district attorney had actually acted in a retaliatory and vindictive manner, then an evidentiary hearing might well be in order, but I do not deem such to be the instant case.