572 P.2d 960

**STATE of New Mexico,
Petitioner-Appellant,**

v.

**John DOE, a child, Respondent-Appellee.**

**No. 2946.**

Court of Appeals of New Mexico.

Nov. 1, 1977.

Writ of Certiorari Denied Dec. 8, 1977.

Toney Anaya, Atty. Gen., Roderick A. Dorr, Asst. Atty. Gen., Santa Fe, for petitioner-appellant.

Bruce P. Moore, Albuquerque, for respondent-appellee.

## OPINION

WOOD, Chief Judge.

In this Children's Court case, we originally held that Mary Walters had no authority to sit as judge. That decision was reversed; the Supreme Court directed this Court "to hear the appeal on its merits." *Doe v. State,* 91 N.M. 51, 570 P.2d 589, decided September 21, 1977. The merits of the appeal involve the preliminary inquiry. Paragraph A of § 13–14–14, N.M.S.A. 1953 (Repl. Vol. 3, pt. 1) provides: "Complaints alleging delinquency . . . shall be referred to probation services, which shall conduct a preliminary inquiry to determine the best interests of the child and of the public with regard to any action to be taken." The petition alleged delinquency of the child in committing five forgeries. The Children's Court dismissed on the basis there was no proper preliminary inquiry. We discuss the three grounds relied on by

the Children's Court and reverse. Hereinafter, a reference to a "rule" means a Rule of Procedure for the Children's Court.

Ground one states:

(1) Respondent was not afforded any initial conference as contemplated by the Rules of the Children's Court in that neither Richard Seale nor Laura H. Bass ever discussed any of the matters charged against Respondent with Respondent or his parents, or discussed with any of them time, place and nature of the acts which led to the allegations of delinquency[.]

This ground involves the distinction between "preliminary inquiry" and "initial conference".

Upon a complaint alleging delinquency, § 13–14–14, supra, requires probation services to conduct a preliminary inquiry "with regard to any action to be taken." This preliminary inquiry has time limits for completion, Rule 20(a), and must be completed prior to the filing of a petition alleging delinquency. Rule 23(a). The record and exhibits show the preliminary inquiry in this case was completed on January 20, 1977 and the petition was filed on January 25, 1977.

Before beginning the preliminary inquiry, probation services are required to inform the child and the parents of the five items stated in Rule 21. Item (e), on appointing an attorney, is not involved in this appeal. Item (d), on presence of an attorney, is referred to in the discussion of ground two. Item (c), on privileged communications, was not mentioned in the notice sent by probation services; however, it is undisputed that the parents were informed of this privilege at the meeting between probation services and the parents. Item (c) is not further involved in this appeal.

Item (a) pertains to information "[o]f the time, place and nature of the acts which resulted in the allegations that the child is delinquent". The delinquency allegations in the petition involve forgeries on November 17–18, 1976. The notice sent by probation services refers to aggravated burglary and larceny on November 19, 1976. We are not concerned with a defective notice because the child's father admitted that he did not need to be informed of the forgery charges; "I was aware of it." In addition, the Children's Court did not rule that the notice was defective.

Item (b) is the item pertinent to ground one. Item (b) involves notice "[o]f the time and place of the initial conference in the preliminary inquiry and the purpose of the inquiry". The notice from probation services stated the date, time and place for the initial conference. It also stated the purpose of the preliminary inquiry.

Apart from item (b) of Rule 21, the only other reference to "initial conference" in either the rules or the Children's Code is Rule 20(a)(1). This reference is in connection with the time requirements for completing the preliminary inquiry.

The purpose of the preliminary inquiry is "to determine whether the best interests of the child and the public require that a petition alleging delinquency . . . be filed." Rule 20(b). An initial conference with the child and parents is consistent with this purpose; under Rule 21(b) notice is given that an "initial conference" will be held.

Although Rule 20(a)(1) and Rule 21 refer to a conference involving the child, the parents and probation services, what if such a conference is not held? The absence of such a conference is definitely contemplated. Section 13–14–14(B), supra, states "no party may be compelled to appear at any conference". Neither the statute nor the rule are worded in terms of mandatory conferences; § 13–14–14(B) and Rule 20(b) state conferences "may be conducted". "May" is permissive or directory. Section 1–2–2(I), N.M.S.A. 1953 (Repl. Vol. 1). Under the wording of § 13–14–14(B), supra, and Rule 20(b), there can be a valid preliminary inquiry without a conference and therefore without an "initial conference" involving the child, the parents and probation services.

■ The Children's Court ruled the child "was not afforded any initial conference as contemplated by the Rules of the Children's Court". Thus, the Children's Court did not rule on the total absence of a conference, but on a defective conference. The question then is what is contemplated by the rules? The Children's Court ruled the conference was defective "in that neither Richard Seale nor Laura H. Bass ever discussed any of the matters charged against Respondent with Respondent or his parents, or discussed with any of them time, place and nature of the acts which led to the allegations of delinquency[.]" The rules do not require a discussion of the charges or a discussion of the time, place and nature of the acts involved in the charges; the rules say nothing as to what must be discussed when an "initial conference" is held.

■ The "initial conference", when held, is a part of the required preliminary inquiry. The purpose of the preliminary inquiry is to determine "whether the best interests of the child and the public require" the filing of a delinquency petition. The purpose of the preliminary inquiry is not to determine guilt or innocence, but to afford probation services insight into the need for filing a petition. Committee Commentary to Rule 20. This insight can be achieved without a discussion involving the details of the alleged delinquent acts; a discussion of such details is not contemplated by the rules of the Children's Court.

■ Probation Officer Bass mailed the Rule 21 notice to the child and his mother. The child and both parents appeared for a conference with Bass at the scheduled time. Bass was absent. Probation Officer Seale conducted the conference. This change in probation officers has no legal significance; neither the child nor the parents have any right to have a particular probation officer conduct either the preliminary inquiry or the initial conference.

■ The Children's Court found that Seale advised the parents that the child did not qualify for appointed counsel and advised the parents to retain counsel for the child because the charges appeared to be serious. The Children's Court also found that Seale advised that communications by the child in the course of the conference were privileged. These findings are not challenged. According to the father, Seale stated that additional charges (other than the forgeries) were "coming later", that there was some discussion of these "other charges" and of the maximum penalty under the Children's Code. Seale testified the parents were disturbed over their son's involvement and expressed the view that another individual had a great deal to do with the child's problems in the Children's Court. The "best interests" determination of the preliminary inquiry necessarily involves "a good deal of discretion" by the probation officer. See Committee Commentary to Rule 20. None of the items in this paragraph amount to an improper use of the probation officer's discretion; none of the items provide a basis for holding either the initial conference or the preliminary inquiry to be improper.

■ It is undisputed, however, that at the initial conference Seale informed the parents that Bass would hold another conference with the parents. Bass did not hold such a conference. The Children's Court was of the view that since a second conference was promised but not held, the initial conference with Seale was insufficient and on this basis the preliminary inquiry became legally defective. We disagree. We have previously pointed out that a valid preliminary inquiry could be held without any initial conference. An initial conference was held in this case. There is nothing in the Children's Code or the rules indicating a second conference must be held with the child and the parents. The failure of probation services to hold the second conference amounts to a broken promise; that broken promise does not affect the validity of the preliminary inquiry.

Ground one of the Children's Court ruling was erroneous.

Ground two states:

(2) Respondent's attorney was neither informed of nor present at conferences

between Laura H. Bass and Richard Seale or police officers or Co-Respondent, as stipulated by Ms. Bass in her notice of Preliminary Inquiry, upon which she allegedly based her finding that informal adjustment was not in the best interest of the child and the public[.]

This ground involves attorney participation in the preliminary inquiry.

The notice of preliminary inquiry sent to the child and the parents is JPO Form 204. See Children's Court Form for Rule 21, N.M.S.A. 1953 (Repl. Vol. 3, pt. 1, Supp.1976 at page 39). This form states: "The above-named child has a right to have an attorney present at any conference of the Preliminary Inquiry . . . ." After receiving this notice, the child and the parents attended the initial conference without counsel. The absence of an attorney at the initial conference is not involved in the appeal.

Section 13–14–25(E), N.M.S.A. 1953 (Repl. Vol. 3, pt. 1) states: "In all proceedings on a petition alleging delinquency . . . the child may be represented by counsel at all stages of the proceedings." Section 13–14–14(B), supra, requires "the parties" to be advised of the right under § 13–14–25(E), supra, "[a]t the commencement of the preliminary inquiry". An exhibit, signed by the child and his parents, shows the child and the parents were advised of the right to have an attorney present during the initial conference. No claim is made that there was a failure to advise of the right to counsel.

After Seale held the initial conference, Bass completed the preliminary inquiry. The evidence is that before completing the preliminary inquiry, Bass conferred with Seale, with officers from the sheriff's department and with the "other two boys" involved in the incidents.

The wording of ground two is awkward. We understand it to mean that Bass stipulated that the child's attorney was not informed of nor present when Bass conferred with Seale, law enforcement officers and the other boys. How does this make the preliminary inquiry improper?

The notice of preliminary inquiry form stated the child had a right to have an attorney present "at any conference of the Preliminary Inquiry". Section 13–14–25(E), supra, states a right to counsel "at all stages of the proceedings." Read literally, the child's counsel would have a right to be present when a probation officer talked with anyone while conducting the preliminary inquiry. We do not agree with such a literal reading.

■ The child's right to counsel is the right to have counsel present at any proceeding where the child is a participant; the right to counsel does not extend to a probation officer's conference with another probation officer, law enforcement officers or the other children involved. The correct view of the right to counsel is expressed in Rule 21(d): "That the child has a right to have an attorney present during any conferences between him and probation services during the inquiry . . . ."

Ground two of the Children's Court ruling was erroneous.

Ground three states:

(3) That the Juvenile Probation Officers did not attempt to provide Respondent with the opportunity for an informal adjustment as is required by Section 13–14–14, NMSA 1953 Comp. as amended, and Rules 20, 21, 22 and 23 of the Rules of Procedure for the Children's Court.

Section 13–14–14(B), supra, states that during the preliminary inquiry "conferences may be conducted for the purpose of effecting adjustments or agreements that will obviate the necessity for filing a petition." Rule 20(b) states the same thing. There is no reference to informal adjustment in either Rule 21 or Rule 23. Rule 22(a) states that "probation services may authorize the filing of a petition upon a finding that informal adjustment is not in the best interests of the child and the public." Probation Officer Bass so found.

■ Ground three is that the probation officer did not provide the child with an

"opportunity" for an informal adjustment. The language of both the statute and the rule is that "conferences may be conducted". This language is permissive; there is no requirement in either the statute or the rule that requires a conference "for the purpose of effecting adjustments". Probation services may, but are not required, to conduct such a conference. Thus, probation services may, but are not required, to provide the child with an "opportunity" for an informal adjustment.

Ground three of the Children's Court order was erroneous.

The order dismissing the petition is reversed. The cause is remanded with directions to proceed with the adjudicatory hearing.

IT IS SO ORDERED.

HERNANDEZ and LOPEZ, JJ., concur.