585 P.2d 342

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**John DOE, a child, Defendant-Appellant.**

**No. 3610.**

Court of Appeals of New Mexico.

Sept. 26, 1978.

Narciso Garcia, Jr., Toulouse, Krehbiel & DeLayo, P. A., Albuquerque, for defendant-appellant.

Toney Anaya, Atty. Gen., Lawrence A. Gamble, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

The issue in this case involves the preliminary inquiry required before the filing of a petition under the Children's Code. Section 13-14-14, N.M.S.A.1953 (Repl. Vol. 3, pt. 1) and Rule 23. All rule references herein are to the Children's Court Rules. We discuss: (1) notice; (2) the inquiry; and (3) the finding required for filing a petition.

The record indicates the child committed battery on January 24, 1978 and was placed in detention on January 25, 1978 at 4:15 p. m. Because the child was in detention, the preliminary inquiry was to be completed "no later than 2 days from the date of detention", Rule 20(a) and a petition, if filed, was required to be filed "[w]ithin 2 days from the date of detention". Rule 23(c).

 No written notice of the preliminary inquiry was given. As the probation officer testified: "It was too short of time." With a two-day requirement, we agree. Further, written notice of the preliminary inquiry is not required when the child is in detention. Rule 5(b)(2); see Committee Commentary to Rule 21.

The child was released from detention after a hearing held on the morning of January 27, 1978. Prior to the detention hearing, the probation officer talked with the child's mother by telephone. "[W]e talked about the incident and detention hearing." Asked if he told the mother that a preliminary inquiry would be held, the probation officer replied: "I don't remember if I stated it that way. I told her we would be meeting before the detention hearing." The probation officer testified a preliminary inquiry was held at 8:30 a. m., prior to the detention hearing, on January 27, 1978. At that meeting the charge against the child was discussed, "they" said they understood the charge and would get "our own attorney".

The transcript shows a preliminary inquiry was in fact held. A petition charging the child was delinquent and in need of care or rehabilitation was filed, apparently prior to 9:00 a. m., on January 27, 1978. The child moved to dismiss the petition, alleging that no valid preliminary hearing was held. The appeal is from the denial of this motion.

**200**

*Notice of Preliminary Inquiry*

Rule 21(b) requires that prior to the preliminary inquiry notice be given "[o]f the time and place of the initial conference in the preliminary inquiry and of the purpose of the inquiry". The purpose of the inquiry "is to determine whether the best interests of the child and the public require that a petition alleging delinquency . . . be filed." Rule 20(b); *State v. Doe*, 91 N.M. 232, 572 P.2d 960 (Ct.App.1977).

The child contends that notice was not given of the purpose of the preliminary inquiry. Although the probation officer testified that in the telephone conversation he told the mother "we would be meeting before the detention hearing", he did not testify that he informed the mother of the purpose of the meeting. The mother knew of the detention hearing but denied that she received notice of a preliminary inquiry. The evidence then is that notice of the purpose of the inquiry was not given.

Did the failure to give notice of the purpose of the preliminary inquiry require that the petition be dismissed? In our opinion, No.

Since the purpose of the inquiry is a "best interests" determination of whether a petition should be filed, since a preliminary inquiry was in fact held, and since a petition was in fact filed, we consider whether the child was prejudiced by the lack of notice as to the purpose of the preliminary inquiry. The trial court found that the child committed the delinquent act of battery and was in need of care and rehabilitation. These findings are not challenged.

█ In light of the foregoing, how has the child been hurt? In our opinion, he has not been hurt by the lack of notice of the purpose of the preliminary inquiry. We note that the child does not claim prejudice by the lack of notice, only that it was not given. Thus, the child's contention is based on a technicality which exalts form over substance. See *State v. Doe*, 88 N.M. 137, 537 P.2d 1399 (1975). Not having been

harmed by the technical violation, the lack of notice of the purpose of the preliminary inquiry did not require dismissal of the petition. *Matter of Doe*, 88 N.M. 481, 542 P.2d 61 (Ct.App.1975).

*The Preliminary Inquiry*

█ The child asserts that, in essence, no preliminary inquiry was held because at the meeting prior to the detention hearing there was no inquiry as to whether the best interests of the child and the public required that a petition be filed. This overlooks the evidence that at the meeting the charge was discussed and a decision was reached by the mother to retain private counsel for the child then in detention. Clearly, the meeting involved a discussion of the best interests of the child at that point in time. Whether the discussion involved a "best interests" discussion in connection with the filing of a petition, we do not know. The probation officer was not asked whether this was discussed. The child was the movant. If the child felt the meeting was such an inadequate preliminary inquiry that the petition should have been dismissed, it was up to the child, as movant, to come forward with evidence tending to establish the asserted inadequacy. Compare *State v. Lopez*, N.M., 581 P.2d 872 (1978) and *State v. Dawson*, 91 N.M. 70, 570 P.2d 608 (Ct.App.1977). He did not do so.

*Finding for Filing a Petition*

Rule 22(a) provides that upon the conclusion of the preliminary inquiry, probation services "may authorize the filing of a petition upon a finding that informal adjustment is not in the best interests of the child and the public."

Section 13–14–15, N.M.S.A.1953 (Repl. Vol. 3, pt. 1) states that a petition "shall not be filed unless probation services, the children's court attorney, the court or other person authorized by the court has determined and endorsed upon the petition that the filing of the petition is in the best interest of the public and the child."

■ There is no testimony that the probation officer authorized the filing of the petition, nor is there testimony that he did not. However, the petition, signed by the Children's Court attorney, states that probation services "has determined that the best interests of the child and the public require that this Petition be filed." This statement, uncontested, complies with § 13–14–15, supra, and is sufficient to satisfy the requirement of a "finding" in Rule 22(a). See *State v. Doe*, N.M., 578 P.2d 345 (Ct. App.1978).

The judgment and disposition of the Children's Court are affirmed.

IT IS SO ORDERED.

HENDLEY and HERNANDEZ, JJ., concur.