643 P.2d 1244

**STATE of New Mexico,
Plaintiff-Appellant,**

v.

**John DOE, a Child, Defendant-Appellee.**

No. 5473.

Court of Appeals of New Mexico.

April 6, 1982.

Jeff Bingaman, Atty. Gen., Heidi Topp Brooks, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

Anne H. Assink, Albuquerque, for defendant-appellee.

## OPINION

WOOD, Judge.

A prerequisite to the filing of a petition alleging delinquency is a preliminary inquiry by probation services. Children's Court Rule 22(a). Rule citations herein-

after are to Children's Court Rules, N.M.S. A.1978 (1980 Repl.Pamph.), which are the applicable rules for this case. "The purpose of the preliminary inquiry is to determine whether the best interests of the child and the public require that a petition alleging delinquency ... be filed." Rule 19(b); § 32–1–14(A), N.M.S.A.1978 (1981 Repl. Pamph.). The child attacked the best interests determination in this case. The children's court granted the child's motion to dismiss the petition; the State appealed. We discuss: (1) whether a best interests determination may be reviewed; (2) whether a best interests determination based on the severity of the alleged offense is sufficient; and (3) the court's disposition.

The petition alleged the child was delinquent and in need of care or rehabilitation in that the child committed the felony of auto burglary and the petty misdemeanor of receiving stolen property valued at $100.00 or less. Sections 30–16–3(B) and 30–16–11(D), N.M.S.A.1978.

Probation services conducted a preliminary inquiry and recommended that the petition be disposed of by consent decree. Thus, probation services recommended that a petition be filed and that disposition of the petition be pursuant to Rule 44.

The children's court attorney makes the final determination as to whether a petition will be filed. The Commentary to Rule 22(a) explains:

[T]he filing of a petition is a two-step process: (1) probation services conducts a preliminary inquiry and either authorizes or refuses to authorize the filing of a petition; and (2) the children's court attorney reviews the matter to determine if there are legally sufficient grounds to proceed to court with the case. The children's court attorney makes the final determination whether or not to prosecute the child. He may do so even if probation services has not authorized a petition. He may refuse to do so even if probation service[s] has authorized the filing of the petition. However, probation services must have completed a preliminary inquiry before the petition can be filed.

The State suggests that the attorney's determination, that a petition be filed, should be considered independently of the recommendation of probation services. The children's court was of the view that the attorney followed the recommendation of probation services and there is evidence supporting the court's view. The child concedes that the attorney could properly follow the recommendation of probation services. We make no distinction, in this case, between the "best interests" recommendation of probation services and the "best interests" determination of the attorney that a petition be filed.

The children's court found:

2. That an allegation that it is in the child's best interests to file the Petition must be made in good faith.

3. That in this matter, the only criterion used by the Probation Officer in determining the best interests of the child was the severity of the alleged offense [the felony].

4. That as a matter of law, the determination of the best interests of the child is insufficient if it relies only on the severity of the alleged offense.

The children's court ruled:

IT IS THEREFORE ORDERED that the Petition filed herein, be and it hereby is, dismissed with prejudice.

*Whether a Best Interests Determination May be Reviewed*

A best interests determination, whether by probation services, the children's court attorney, or both, involves the exercise of discretion. Rules 21(a) and 22(a); *State v. Doe,* 91 N.M. 232, 572 P.2d 960 (Ct.App. 1977); see the above-quoted Commentary to Rule 22(a).

The best interests recommendation of probation services was that a petition should be filed. The children's court attorney followed the recommendation of probation services in determining to file the petition. The children's court held the best interests determination was insufficient as

a matter of law. The State asserts that the best interests determination of the children's court attorney is not subject to judicial review. The State relies on decisions holding that courts lack authority to review the sufficiency of the evidence to support an indictment by a grand jury. See *Maldonado v. State*, 93 N.M. 670, 604 P.2d 363 (1979). This reliance is not appropriate.

 The State's claim, that a best interests determination is never subject to judicial review, is too broad. For example, a claim that a best interests determination amounted to egregious vindictiveness or was intentionally discriminatory would be subject to judicial review. *State v. Stevens*, 96 N.M. 627, 633 P.2d 1225 (1981); *State v. Baldonado*, 79 N.M. 175, 441 P.2d 215 (Ct. App.1968). In this case, the State seems to contend that the factual sufficiency of a best interests determination (a discretionary determination) is not subject to judicial review. That issue is not before us. The children's court ruled the best interests determination was insufficient as a matter of law. See Finding No. 4, quoted above. Whether a best interests determination is insufficient as a matter of law does not involve a review of the factual sufficiency of matters considered by either the children's court attorney or probation services in the exercise of discretion. The children's court had authority to make its "matter of law" ruling in this children's court proceeding. Section 32–1–9, N.M.S.A.1978 (1981 Repl.Pamph.). This Court may properly review that ruling. Section 32–1–39, N.M.S.A.1978 (1981 Repl.Pamph.).

*Whether a Best Interests Determination Based on the Severity of the Offense is Sufficient*

Finding No. 3 is that the only criterion used in making the best interests determination was the severity of the alleged offense. This finding is contrary to the undisputed evidence. The testimony was that consideration was given to the burglary charge and to the receiving charge, that the two charges were based on separate incidents, that the offenses were premeditated.

The testimony was that consideration was also given to the fact that the parents had "grounded" the child, to possible deficiencies in this grounding, and to the need to make the child understand the seriousness of the alleged offense. The probation officer was of the view that six months probation under a consent decree was appropriate and would be "even punishment with the offense." Finding No. 3 lacks evidentiary support.

We do not, however, dispose of this issue on the basis of the error in Finding No. 3. The State has not challenged this finding. N.M.Crim.App. 205(a)(4) and 501(a)(2). We decide the appeal on the basis of the issues presented. The unchallenged finding is that the only criterion used in the best interests determination was the severity of the alleged offense. The issue is whether the use of the severity of the offense as the only criterion makes the best interests determination insufficient as a matter of law.

 Both the rule (Rule 19(b)) and the statute (§ 32–1–14(A)) require a determination as to the best interests of the child and the public. Neither the rule nor the statute states what is to be considered in a best interests determination. Items to be considered are stated in *Standards Relating to The Juvenile Probation Function: Intake and Predisposition Investigative Services*, IJA–ABA Joint Commission on Juvenile Justice Standards (Ballinger Publishing Co., 1980), hereinafter referred to as *Standards*. *Standard* 2.8 lists various factors to be considered, including the seriousness of the offense, the nature and number of the child's prior contacts with the children's court, the circumstances surrounding the alleged delinquent conduct, the age and maturity of the child, the child's school attendance and behavior, the attitude of the child to the alleged delinquent conduct and to law enforcement and children's court authorities, and the availability of services to meet the child's needs both within and outside the juvenile justice system.

The Commentary to *Standard* 2.8, supra, states:

[O]nce it is determined that the complaint is legally sufficient for the filing of a petition, it must be determined whether it is appropriate and desirable to make a judicial disposition of the complaint through the filing of a petition or to make some other disposition of the complaint. *This determination is social rather than legal in nature. . . .*

[O]ne of the primary factors that should be considered in determining the disposition of a complaint is the nature of the offense with which the juvenile is charged. A juvenile alleged to have committed a serious offense should ordinarily have a petition filed against him or her. The members of the public are entitled to be protected from the harmful effects of serious crime. *Conduct on the part of a juvenile that constitutes a serious criminal offense may or may not mean that the juvenile presents a real danger to the public, but an allegation of such conduct in a legally sufficient complaint is sufficient to justify judicial handling of the complaint.* [Id., at 65–66.] [Emphasis added.]

The Commentary states: "Most commentators agree that when a juvenile is alleged to have committed a serious offense a petition should be filed against the juvenile." (Id., at 66.) The Commentary also points out that burglary is a serious offense.

■ The best interests determination is a social determination, not a legal determination. A best interests determination that a petition be filed, based on the fact that the child allegedly committed a burglary, is not insufficient as a matter of law. The children's court erred in so ruling.

*The Court's Disposition*

We have held that the children's court erred in holding the best interests determination was insufficient as a matter of law. This issue considers the appropriate disposition in cases where dismissal would be proper.

■ The children's court dismissed the petition with prejudice. Even if dismissal had been appropriate, a "with prejudice"

disposition was erroneous. What is involved here is the procedure for filing a petition alleging delinquency. "Initiating formal court action is a procedural matter." Commentary to Rule 22. Relief granted, such as dismissal of a petition, should be tailored to remedy the cause for the dismissal. *State v. Pedroncelli*, 97 N.M. 190, 637 P.2d 1245 (Ct.App.1981). Where dismissal results from procedural error, it is sufficient to require the State to comply with procedural rules; dismissal with prejudice, in such a situation, would be erroneous. *Rogers v. State*, 94 N.M. 218, 608 P.2d 530 (Ct.App.1980).

The order dismissing the petition is reversed. The cause is remanded with instructions to reinstate the petition on the children's court docket.

IT IS SO ORDERED.

LOPEZ and NEAL, JJ., concur.