779 P.2d 559

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**WILFORD T., Defendant–Appellant.**

**No. 11312.**

Court of Appeals of New Mexico.

Aug. 3, 1989.

Certiorari Denied Aug. 6, 1989.

Hal Stratton, Atty. Gen., Bill Primm, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Jacquelyn Robins, Chief Public Defender, Jonathan A. Abbott, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

OPINION

APODACA, Judge.

The child appeals the order of the children's court transferring this matter to district court. Having granted the child's motion for rehearing, we withdrew our memorandum opinion of April 6, 1989, which had affirmed the children's court. Our third calendar notice proposed summary affirmance, to which the child filed a memorandum in opposition. Not persuaded by the child's memorandum, we af-

firm the children's court. Prior to the issuance of our previous opinion, the child moved to delete his name from the record. We grant the child's motion. *See* NMSA 1978, § 32–1–39(A) (Repl.1986); *State v. Doe,* 93 N.M. 481, 601 P.2d 451 (Ct.App. 1979) (*Doe* I).

We granted the child's motion for rehearing to consider a jurisdictional question. The child alleged that his parents were not given notice of the transfer hearing and that they did not attend the hearing. Based on these representations, our second calendar notice proposed to summarily reverse the transfer order. *See* NMSA 1978, § 32–1–30(A)(3)· (Repl.1986); *State v. Doe,* 101 N.M. 214, 680 P.2d 354 (Ct.App.1984) (*Doe* II). Further inquiry revealed that the child's grandmother, his custodian, attended the hearing and testified on the child's behalf. We thus proposed summary affirmance in our third calendar notice. We also proposed to overrule the specific holding in *Doe* II that invalidated transfer orders not containing a specific finding that notice was given to the child's parents, guardian, or custodian.

■ A matter involving a child may not be transferred to district court unless his parents, guardian, or custodian have been notified in writing at least five days before the hearing. § 32–1–30(A)(3). We have previously held that a transfer order entered without a specific finding regarding notice is invalid because it is not entered in compliance with the statute. *See Doe* II. Notification serves the purpose of effectuating the stated purposes of the legislature in drafting the Children's Code. *Id.*

■ We find that the purposes of the Children's Code were served by the custodian's appearance at the transfer hearing, even though she was not formally notified in writing at least five days before the hearing. *See State v. Sanchez,* 94 N.M. 521, 612 P.2d 1332 (Ct.App.1980) (nonobservance of criminal statute's procedural methods does not require reversal when waiver exists). Inasmuch as the custodian appeared and participated at the hearing, we see no prejudice to the child because of the lack of written notice. *See State v.*

*Doe,* 92 N.M. 198, 585 P.2d 342 (Ct.App. 1978).

■ We also overrule *Doe* II insofar as it invalidated transfer orders not containing a specific finding that notice was given to the child's parents, guardian, or custodian. Under the plain language of Section 32–1–30(A), the children's court must make a specific finding only on the question of reasonable grounds to believe that the child committed the delinquent act. *See* § 32–1–30(A)(5); *see also Doe* I. We believe *Doe* II was incorrect in invalidating transfer orders not containing an express finding on notice. We have determined that such an interpretation necessarily leads to illogical results. For example, we do not believe the legislature intended that the children's court be required to specifically find that the transfer hearing was "held in conformity with the rules on a hearing on a petition alleging a delinquent act." *See* § 32–1–30(A)(2). This subsection is simply meant to regulate the procedure at transfer hearings; it does not mandate inclusion of an express finding in the transfer order that the subsection's requirements were met.

The child contends the requirement in *Doe* II that the children's court make a specific finding concerning notice serves the interests of judicial economy. Specifically, the child addresses the potential difficulty, absent the requirement of a specific finding in the order, that an appellate court might have in determining whether proper notice of the transfer hearing was given. We agree that inclusion of a specific finding concerning notice in the transfer order is the preferable practice. Nevertheless, statutes are to be given effect as written and, where free from ambiguity, there is no room for construction. *State v. Elliott,* 89 N.M. 756, 557 P.2d 1105 (1977). There is no requirement in Section 32–1–30(A)(3) that the children's court make a specific finding concerning notice, notwithstanding the holding in *Doe* II that may have so implied.

The child continues to contest affirmance of his remaining issues, but we determine that he has failed to specifically point out

any errors that would persuade us our proposed disposition is incorrect. We thus affirm on these issues for the reasons stated in our prior calendar notices. *See State v. Sisneros,* 98 N.M. 201, 647 P.2d 403 (1982).

For these reasons and those contained in the calendar notices, the order transferring this matter to the district court is affirmed. The clerk of this court is directed to delete the name of the child from all documents filed in this court that are not a part of the children's court record. The children's court shall likewise delete the child's name from the children's court record.

IT IS SO ORDERED.

BIVINS, C.J., and CHAVEZ, J., concur.