514 P.2d 611

**HOUSE OF CARPETS, INC., a New Mexico corporation, Plaintiff-Appellee,**

v.

**MORTGAGE INVESTMENT COMPANY, Defendant-Appellant,**

v.

**Jack DANIELS, dba Jack Daniels Construction, Dar Tile, Halbert Cabinet Manufacturing Co., Inc. and Nail Plumbing Co., Inc., Defendants-Appellees.**

**No. 9689.**

Supreme Court of New Mexico.

Sept. 21, 1973.

Rodey, Dickason, Sloan, Akin & Robb, Robert M. St. John, Rex D. Throckmorton, Albuquerque, for appellant.

Branch, Dickson & Dubois, Threet, Threet, Glass, King & Maxwell, McNeany, Rose & Sholer, Albuquerque, for appellees.

## OPINION

STEPHENSON, Justice.

This suit was brought in the District Court of Bernalillo County to foreclose a mechanic's and materialmen's lien against a Mr. Daniels. Other mechanics and materialmen and Mortgage Investment Com-

pany of El Paso, a mortgagee, were joined as defendants to resolve lien priorities. The pleadings and party situation then becomes exceedingly complex, replete with third party claims, interventions, counterclaims, cross claims and perhaps others. For purposes of this appeal, suffice it to say that the mentioned mortgagee (Appellant) is aligned against several claimants of mechanic's and materialmen's liens (Appellees). The case was tried to the district court, without a jury, upon stipulated facts. Judgment was entered partially in favor of the appellees. Mortgagee appeals.

On June 2, 1970 the appellant took a promissory note and construction loan mortgage from Mr. Daniels and his wife to furnish construction financing for a house on real estate in Albuquerque. The mortgage was recorded in the Bernalillo County Clerk's office on June 3, 1970. Appellees commenced work and the delivery of materials after the mortgage was recorded. Appellant made advances of funds to Daniels as construction progressed on the premises. All of these advances were made after work had commenced. Construction was substantially completed in September, 1970, when appellant had advanced $29,500.00, the face amount of the note. Thereafter appellees filed mechanic's and materialmen's liens on the premises. From November 19, 1970 to April, 1971, appellant continued to advance funds in order to preserve, finish and repair the constructed house. The total amount advanced by appellant was $32,366.19. The case was submitted to the district court on stipulated facts. The note and mortgage, and the deposition of Mr. Wilson, an official of appellant, to determine the priorities of the various mechanic's liens and the mortgage. Final judgment was entered by awarding priority according to the date of each advance by the appellant.

The court's conclusion of law around which argument centers here is:

"II. That the mortgage of the defendant, MORTGAGE INVESTMENT COMPANY OF EL PASO, TEXAS, provided for optional rather than obligatory advances.

"That the optional mortgage of the defendant, MORTGAGE INVESTMENT COMPANY OF EL PASO, TEXAS, attached as a lien upon the premises not from the date of its recording, but from the date of each advance and to the extent of each advance thereupon."

The court then proceeded to assign priorities on that basis.

■ Inasmuch as the mortgage was recorded prior to commencement of any work or the delivery of any materials to the construction site, absent any other facts the mortgage lien would clearly prevail over the materialmen's liens by reason of § 61–2–5, N.M.S.A. (1953) which provides:

"The liens provided for in this article [i. e. mechanics' and materialmen's liens] are preferred to any lien, mortgage or other encumbrance which may have attached subsequent to the time when the building, improvement or structure was commenced, work done, or materials were commenced to be furnished; also to any lien, mortgage, or other encumbrance of which the lienholder had no notice, and which was unrecorded at the time the building, improvement or structure was commenced, work done, or the materials were commenced to be furnished."

Although the statute in terms prefers mechanic's and materialmen's liens, we have construed its language to protect mortgage liens recorded prior to commencement of work. Stearns-Roger Co. v. Aztec Co., 14 N.M. 300, 93 P. 706 (1908).

Appellees seek to avoid this result by asserting that all funds under the note were not advanced at the time the mortgage was recorded; that advances by the mortgagee were optional rather than obligatory; and that the priority of the mortgage lien commences only from the date of the advance, not from the date of its recording. The

cornerstone of their argument is Heller v. Gate City Building And Loan Association, 75 N.M. 596, 408 P.2d 753 (1965).

In Heller the dispute involved priority between two mortgagees. Pursuant to the terms of the first mortgage, the mortgagee advanced money for taxes, insurance premiums and repairs for the property. The mortgage made these advances discretionary with the mortgagee. The advances exceeded the fixed sum of the mortgage and resulted in extending its maturity date. Although the first mortgagee was aware of the subsequent lien, there was no attempt to obtain consent for the advances. A default occurred in the second mortgage and foreclosure proceedings were instituted. The only issue concerned the priority of advances made by the first mortgagee. As to the specific sum stated in the first mortgage, the second mortgagee conceded priority. Several criteria were set forth by the court in determining priorities for mortgages intended to secure future advances.

The court finally stated at 600, 408 P.2d at 755:

"There is an overwhelming agreement among the courts in this country that a first mortgagee making future advances, which are optional and not obligatory under the first mortgage, with actual knowledge of an intervening lien, cannot obtain priority for subsequent advances over the intervening lien."

Since advances for taxes, insurance premiums and repairs were wholly discretionary with the mortgagee, the court awarded priority to the second mortgagee to the extent of these optional advances.

Heller, although obviously distinguishable on the facts, is the only New Mexico case which even lays down the general principle which we have quoted. Cases from other jurisdictions dealing with the fact situation which confronts us here vary radically as to both result and rationale. Study of an annotation at 80 A.L.R.2d 179 entitled "Priority between mechanics' liens and advances made under previously exe-

cuted mortgage" indicates to us that the general rule stated in Heller has gained wide acceptance in our present fact situation. The annotator at 80 A.L.R.2d 191 states:

"One factor given much weight by many courts seeking to determine whether advances made after the giving of a mortgage shall receive priority over intervening mechanics' liens is whether the mortgagee or beneficiary under a deed of trust is under an obligation, pursuant to the terms of his agreement with the mortgagor, to advance the sum or sums called for by the instrument. Thus, many courts have recognized that where the making of the advances is obligatory upon the mortgagee or beneficiary, the lien of a mortgage or trust deed receives priority over mechanics' liens when the mortgage or deed has been recorded before the mechanic's lien attaches, despite the fact that advances are actually given subsequently to this time."

■ The underlying reasoning of the general statement from Heller and the more specific one from the annotation commends itself to us. We adopt it here and turn to its application to the facts of this case. This requires a decision as to whether the advances were discretionary or obligatory. Appellant contends, and appellees deny that they were obligatory. Appellant concedes that advances over the face amount of the note take precedence only from the time made.

■ We have quoted the key conclusion of law made by the court. A conclusion of law must find support in the findings of fact. Goldie v. Yaker, 78 N.M. 485, 432 P.2d 841 (1967). We discern no finding of fact which supports conclusion II. The court found the mortgage to exist and it incorporates the note. These documents are included in the stipulated facts. The findings make reference to Mr. Wilson's deposition, in effect adopting and giving full credence to it, specifying it as the source of the dates and amounts of appel-

lant's advances and admitting it into evidence.

The mortgage is labeled "construction loan mortgage" and the note is captioned "construction real estate mortgage note." It is for a term of only two hundred seventy days and contains references to construction work on the encumbered premises. It requires "any money advanced under this construction loan" to be used for construction of improvements on the real estate. The note concludes with a statement that if it becomes immediately due and payable (as a result of an event of default) the appellant "will be under no obligation to advance any additional portion of this note and shall incur no liability" for refusing to do so. The inference to be drawn from this final clause of the note is that if there were no events of default, the mortgagee was obligated to continue making advances under the note.

■ Certainly there is nothing here to indicate that advances are optional and all the inferences are to the contrary. It is difficult to imagine how or why the parties to the note and mortgage would have embarked on the venture or why the $29,500.00 note was given in the form that it was if appellant had no obligation to make advances. We are concerned solely with the intention of the parties to the note and mortgage. Maxwell Lumber Co. et al. v. Connelly et al., 34 N.M. 562, 287 P. 64 (1930).

Mr. Wilson's deposition is clear and straightforward to the effect that the arrangement with Mr. Daniels was that advancements would be made pursuant to a certain schedule during the course of construction. This is undisputed. Having been adopted in the findings of fact we feel free to consider it.

■ Where evidence consists of documents and stipulated facts, this court is in as good a position as was the trial court to determine the facts and we are not bound by the trial court's findings. State Ex Rel. State Highway Commission v. Trujillo, 82 N.M. 694, 487 P.2d 122 (1971); Atlantic Refining Company v. Beach, 78 N.M. 634, 436 P.2d 107 (1968). Conclusion II is unsupported by any finding. If it was, such finding would be unsupported by substantial evidence and contrary to the undisputed evidence.

■ We hold that notwithstanding the paucity of the documentation, advances under the note were obligatory.

■ Finally appellees point to a provision in the mortgage to the effect that if "any lien or claim of lien arises or is assessed, imposed or filed against the real estate" appellant will not be under obligation to advance additional funds on the note. They say that although the liens were not filed until after the advances with which we are concerned, nevertheless when filed they become effective from the date the lien claimant's work commenced or materials were furnished and that any advancements made subsequent to the last mentioned date would not have priority over the lien claimant.

No findings or conclusions were requested or made which would support this theory. Again the query is as to the intention of the parties to the note and mortgage. We would think it virtually irrational for them to have intended that the priority of sums advanced for construction would be defeated in this fashion. In any case, under the rule we have cited from State Ex Rel. State Highway Commission v. Trujillo, supra, and Atlantic Refining Company v. Beach, supra, we are not persuaded that such was their intention.

The judgment of the trial court is reversed. The case is remanded to the District Court of Bernalillo County with directions to proceed in accordance with the views we have expressed. The appellant's claim should be given priority over those of the lien claimants for the face amount of the note plus costs, expenses and attorneys' fees as specified in the note and mortgage. The judgment should also fix and determine the priority of the

lien claimants and advances of the appellant over and above the face amount of the mortgage.

It is so ordered.

McMANUS, C. J., and MARTINEZ, J., concur.