637 P.2d 1245
STATE of New Mexico,
Plaintiff-Appellant,

v.

Janet PEDRONCELLI,
Defendant-Appellee.

No. 5331.

Court of Appeals of New Mexico.

Dec. 1, 1981.

Jeff Bingaman, Atty. Gen., Anthony Tupler, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

Scott McCarty and Catherine Stetson, D'Angelo, McCarty & Vigil, Albuquerque, for defendant-appellee.

## OPINION

WOOD, Judge.

The information charged defendant with embezzlement in excess of $2,500.00. Section 30–16–8, N.M.S.A.1978. The testimony of two witnesses at the preliminary examination was not recorded because of equipment failure. Prior to trial, defendant moved for dismissal of the information; the motion was granted. The State appealed; we reverse.

The stipulated facts, adopted by the trial court, are:

1. The Defendant requested that a record be made pursuant to Rule 20, New Mexico Rules of Criminal Procedure, at the Preliminary Hearing held on April 22 and April 23, 1981.

2. The testimony of two witnesses, Barbara Chavez and Juliette A. Hice, at

the Preliminary Hearing was not recorded due to inadvertent failure of electronic recording equipment on April 22 and April 23, 1981.

3. The nature of the testimony of both of the above-noted witnesses consisted of foundation testimony relating to the introduction of credit union financial transactions.

4. None of the parties can reconstruct verbatim testimony of these two witnesses.

5. The Defendant did not make a showing of particular prejudice due to the faulty recording.

6. The State has offered the defense the opportunity to depose the witnesses in question.

Defendant's requested conclusions, also adopted by the trial court, are:

1. A preliminary hearing is a critical stage of a criminal prosecution. *State v. Burke*, [sic] 82 N.M. 466 [483 P.2d 940] (1971).

2. Rule 20, New Mexico Rules of Criminal Procedure, requires that, upon request, a record be kept of the proceedings at a preliminary hearing.

3. Should the testimony so recorded be destroyed for any reason the defendant is denied certain rights guaranteed to her by the 6th Amendment of the Constitution of the United States.

4. Defendant is prohibited from adequately exercising her right of cross examination by the inadvertent destruction of the evidence.

Relying on civil cases involving findings of fact and conclusions of law, defendant contends the findings and conclusions are to be presumed correct and are to be upheld absent an abuse of discretion. We disagree. If civil rules apply to the findings and conclusions in this criminal case, the applicable rules are:

1. The findings of fact, not being challenged, are the facts on appeal. *Perez v. Gallegos*, 87 N.M. 161, 530 P.2d 1155 (1974).

2. The question on appeal is whether the trial court's legal conclusions were a proper application of the law. *Esquibel v. Hallmark*, 92 N.M. 254, 586 P.2d 1083 (1978); see *State v. Herrera*, 92 N.M. 7, 582 P.2d 384 (Ct.App.1978).

3. The trial court's judgment of dismissal cannot be sustained unless the conclusions on which it rests have support in the findings of fact. *Watson Land Company v. Lucero*, 85 N.M. 776, 517 P.2d 1302 (1974); *House of Carpets, Inc. v. Mortgage Investment Co.*, 85 N.M. 560, 514 P.2d 611 (1973).

■ The trial court concluded that if testimony is destroyed "for any reason" the defendant is denied rights guaranteed by the Sixth Amendment to the United States Constitution. This is legally incorrect. Whether there has been a Sixth Amendment violation depends upon the facts of the particular case. When a violation has been established as a fact, the remedy also depends upon the facts.

*United States v. Morrison*, 449 U.S. 361, 66 L.Ed.2d 564, 101 S.Ct. 665 (1981), states:

Cases involving Sixth Amendment deprivations are subject to the general rule that remedies should be tailored to the injury suffered from the constitutional violation . . . .

Our approach has thus been to identify and then neutralize the taint by tailoring suitable relief appropriate in the circumstances . . . .

More particularly, absent demonstrable prejudice, or substantial threat thereof, dismissal of the indictment is plainly inappropriate, even though the violation may have been deliberate.

■ *State v. Chouinard*, 96 N.M. 658, 634 P.2d 680 (1981), also holds that dismissal is inappropriate. Where, as here,

the loss is known prior to trial, there are two alternatives: Exclusion of all evidence which the lost evidence might have impeached, or admission with full disclosure of the loss and its relevance and

import. The choice between these alternatives must be made by the trial court, *depending on its assessment of materiality and prejudice.* The fundamental interest at stake is assurance that justice is done, both to the defendant and the public. (Our emphasis.)

*Chouinard*, supra, requires the defendant to show prejudice. The discussion in *Chouinard*, supra, is to the effect that common sense is to be employed; the question of prejudice is to be decided on a case-by-case basis. The importance of the lost evidence is to be considered along with defendant's lost opportunity to cross-examine.

█ The alleged embezzlement was of credit union funds. Exhibits at the preliminary examination included checks, cash withdrawal vouchers, deposit slips and statements. Although neither party identified the "credit union financial transactions" which were "introduced", in the absence of any indication to the contrary, we assume the transactions "introduced" were shown by the exhibits. There is no claim of a missing exhibit. The material lost is the "foundation testimony". We do not know what was covered by this lost foundation— ordinarily it would be identification and authentication testimony.

The prosecution would not be able to introduce documents at trial showing credit union financial transactions in the absence of a proper foundation; at trial, defendant can cross-examine as to that foundation.

The inadequate cross-examination referred to in Conclusion 4 goes only to the opportunity to show a discrepancy between the foundation testimony at the preliminary hearing and at the trial. Conclusion 4 is not supported by the findings. As defendant stipulated, she did not show any particular prejudice. The specific taint is minor; the remedy for correction of the taint should be suitable to the taint.

█ The trial court's order dismissing the complaint is reversed. The cause is remanded. Upon remand, the trial court would again commit error if it should exclude evidence concerning the financial transactions on the basis of missing foundation testimony at the preliminary hearing. The facts of this case foreclose the use of the first alternative, quoted above, from *Chouinard*, supra.

IT IS SO ORDERED.

LOPEZ and DONNELLY, JJ., concur.