813 P.2d 480

**Elwood L. LOWE, Plaintiff–Appellant,**

v.

**Norman D. BLOOM, Jr., George E. Fettinger and Fettinger & Bloom, Defendants–Appellees.**

**No. 19247.**

Supreme Court of New Mexico.

June 12, 1991.

Rehearing Denied July 17, 1991.

Anthony F. Avallone, Thomas R. Figart, Las Cruces, for plaintiff-appellant.

Modrall, Sperling, Roehl, Harris & Sisk, Clifford K. Atkinson, Albuquerque, for defendants-appellees.

## OPINION

FRANCHINI, Justice.

This case involves an appeal from the district court's imposition of sanctions under SCRA 1986, 1–011 (Rule 11). We conclude the trial court abused its discretion in finding a willful violation of Rule 11 and reverse.

Defendants Bloom and Fettinger represented plaintiff Lowe in a civil suit in 1984. The action resulted in a judgment against Lowe. Several months later, defendants initiated a suit against Lowe seeking payment of fees incurred in their representation of Lowe. Lowe began to explore the possibility of a malpractice claim against defendants arising out of their representation. Lowe discussed the claim with two attorneys, and was advised that he would relinquish any possible malpractice claim if he settled the action seeking payment of fees. Lowe subsequently filed no answer in the fee action and chose instead to negotiate with defendants. The action for fees was settled, and a voluntary Notice of Dismissal was filed. The matter of a possible malpractice claim was not discussed at any point during settlement negotiations.

In 1988, Lowe, by and through appellant Avallone, filed a complaint alleging a malpractice claim against defendants. In May 1989, counsel for defendants informed Avallone that defendants would seek sum-

mary judgment under a compulsory counterclaim theory. Counsel stated that defendants intended to seek attorney's fees under Rule 11 if the action was not voluntarily dismissed. Lowe and Avallone proceeded with the action. The trial court granted defendants' motion for summary judgment.

Defendants then filed a motion seeking sanctions under Rule 11. After an evidentiary hearing on the motion, the trial court found that Avallone knew that Lowe had discussed the malpractice claim with two attorneys and that Lowe had been advised of the consequences of settlement. The court also found that Avallone knew the action for fees had been settled without reservation of any malpractice claim and that he was well aware of the rule pertaining to compulsory counterclaims. The court thus found Lowe and Avallone had willfully violated Rule 11, which resulted in considerable expense to defendants. The trial court concluded that Lowe and Avallone were jointly and severally liable for attorney's fees and costs in the sum of $43,128. Lowe and Avallone appeal the award.

■ While the instant appeal has been under consideration, this court decided *Rivera v. Brazos Lodge Corp.*, 111 N.M. 670, 808 P.2d 955 (1991), which deals, in part, with the question of Rule 11 sanctions. Following the U.S. Supreme Court, we adopted an abuse-of-discretion standard for reviewing Rule 11 appeals. *Id.* at 674–75, 808 P.2d at 959–60. Abuse of discretion occurs when the trial court's decision is contrary to logic and reason. *Three Rivers Land Co. v. Maddoux*, 98 N.M. 690, 652 P.2d 240 (1982), *rev'd on other grounds, Universal Life Church v. Coxon*, 105 N.M. 57, 728 P.2d 467 (1986).

■ In *Rivera*, we acknowledged New Mexico's Rule 11 is similar to the pre–1983 version of the federal rule. We also recognized that the good ground provisions of Rule 11 are measured by a subjective standard. "Any violation depends on what the attorney or litigant knew and believed at the relevant time [the signing of the pleading] and involves the question of whether the litigant or attorney was aware that a particular pleading should not have been brought." *Id.* 111 N.M. at 675, 808 P.2d at 960. Imposition of Rule 11 sanctions requires subjective evidence that a willful violation has occurred. "Rule 11 was 'designed to encourage honesty in the bar when bringing and defending actions [and] ought to be employed only in those rare cases in which an attorney deliberately presses an unfounded claim or defense.'" *Id.* at 674, 808 P.2d at 959 (citations omitted).

Appellees' motion for Rule 11 sanctions was argued below solely on the basis that appellants should not have filed the malpractice action given their knowledge of the compulsory counterclaim theory. While the merits of the trial court's summary judgment in the malpractice action are not before us, we necessarily consider appellants' knowledge of the law and the facts to determine whether evidence meeting the subjective standard test (subjective evidence) indicates a willful violation of Rule 11 in bringing the malpractice action.

■ Given the record before us, we find no subjective evidence of a willful violation of Rule 11. The trial court's findings indicate appellees' earlier action for fees was dismissed with prejudice. The trial court's finding is apparently supported by the Notice of Dismissal in that matter, which is a part of the record before us. Where evidence is documentary, this court is in as good a position as was the trial court to determine the facts and is not bound by the trial court's findings. *House of Carpets Inc. v. Mortgage Inv. Co.*, 85 N.M. 560, 514 P.2d 611 (1973). Our review of the record reveals a simple Notice of Dismissal containing no provision that the dismissal was with prejudice. The applicable rule on voluntary dismissal in effect at the time of filing provided that "[u]nless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice * * *." NMSA 1978, Civ.P. Rule 41(a)(1) (Repl.Pamp.1980). Accordingly, the dismissal filed in the action for fees was without prejudice.

The trial court also found that attorney Avallone was counsel of record in *Slide–A–Ride of Las Cruces, Inc. v. Citizens Bank of Las Cruces*, 105 N.M. 433, 733 P.2d 1316 (1987), and that he was familiar with the authorities cited therein discussing the compulsory counterclaim theory. The facts that the earlier action for fees in this matter was disposed of through a voluntary dismissal without prejudice and with no answer having been filed are but two possible distinctions between the facts in *Slide–A–Ride* and the matter now before us. The trial court likened the simplicity of its decision in the summary judgment proceedings to a "slam dunk" in defendants' favor. We cannot agree that appellants' complaint for malpractice was not meritorious because they had to have known the malpractice action was a compulsory counterclaim in the earlier action for fees, or that the defense of res judicata stood as an insurmountable bar to the complaint. Whether appellants' claim for malpractice was a compulsory counterclaim is a question on which reasonable lawyers and judges could differ. We find no violation of Rule 11 in the filing of a complaint that was subject to a discretionary affirmative defense that may or may not have had merit. Further, the record lacks any factual showing that appellants acted for some collaterally improper purpose warranting the imposition of sanctions for a willful violation of Rule 11.

We find no subjective evidence of a willful violation of Rule 11 in this matter. The judgment awarding attorney's fees in this case constitutes an abuse of discretion and is hereby reversed. We remand this action to the district court with instructions to vacate the sanctions order.

IT IS SO ORDERED.

RANSOM and MONTGOMERY, JJ., concur.