This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

  Plaintiff-Appellee,

v.                                                   **NO. 32,959**

**DAVID MALLIELLE,**

  Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**James W. Counts, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Kathleen T. Baldridge, Assistant Public Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}     Defendant appeals his convictions for possession of methamphetamine and possession of drug paraphernalia. We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. Not persuaded, we affirm Defendant's convictions.

{2}     Defendant continues to claim that the district court erred in denying his motion to dismiss on the ground that a tape of the preliminary hearing was missing, and thus not available for possible impeachment purposes. [MIO 3] Defense counsel believed that an officer testified at the preliminary hearing that Defendant's ID card was found outside of the backpack containing the methamphetamine and drug paraphernalia. [MIO 2] This would contradict the officer's testimony at trial that the ID was found in the backpack, although it appears that another officer had consistently stated that the ID was in the backpack. [MIO 2-3]

{3}     Where the State loses or destroys evidence before trial, New Mexico applies a three part test, considering whether "[ (1) t]he [s]tate either breached some duty or intentionally deprived the defendant of evidence; [ (2) t]he improperly suppressed evidence [was] material; and [ (3) t]he suppression of this evidence prejudiced the defendant." *State v. Chouinard*, 1981-NMSC-096, ¶ 16, 96 N.M. 658, 634 P.2d 680 (internal quotation marks and citation omitted). Where the loss of evidence is known prior to trial, there are two alternatives available to the district court: "Exclusion of all evidence which the lost evidence might have impeached, or admission with full

disclosure of the loss and its relevance and import." *Id*. ¶ 23. "The choice between these alternatives must be made by the [district] court, depending on its assessment of materiality and prejudice." *Id*.

{4}     Here, the district court noted that the missing tape was the fault of the court, and not the prosecution. [RP 138] The court also found that Defendant did not suffer any prejudice. [RP 138] In his memorandum in opposition, Defendant continues to challenge this rationale, specifically noting that the officer did not concede that his preliminary hearing testimony contradicted his in-court testimony. [MIO 4] However, we conclude the prejudice in this case is too speculative, in that even if the factfinder heard the prior testimony and determined that the ID was outside of the backpack, there was no dispute that Defendant had been involved in the single-ATV accident, that the backpack was found at the scene, and therefore the presence of the ID linked him to the backpack irrespective of whether it was found inside or outside the backpack. "Defendant's assertion of the possibility of prejudice, without more, is insufficient to establish actual prejudice." *State v. Jacobs*, 2000-NMSC-026, ¶ 46, 129 N.M. 448, 10 P.3d 127. In addition, the district court could properly conclude that it was sufficient for Defendant to cross-examine the officer at trial with respect to any suspected inconsistencies that may have existed. *See State v. Pedroncelli*, 1981-NMCA-142, ¶ 7, 97 N.M. 190, 637 P.2d 1245 (holding that the district court erred in dismissing criminal information based on lost preliminary hearing testimony, because

witnesses would be available for cross-examination at trial with respect to any defects in laying foundation for admission of exhibits).

**{5}** For the reasons set forth above, we affirm.

**{6}** **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**LINDA M. VANZI, Judge**

4