This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**JUNE JARAMILLO, PETER LUPSHA,**
**URSULA HILL, and TOM AND TAMMIE**
**COLEMAN,**

Petitioners-Appellants,

**v.**                                                        **No. 33,384**

**SCOTT EDEAL and**
**EDEAL INVESTMENTS,**


Respondents-Appellees.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**William A. Sanchez, District Judge**

Amavalise F. Jaramillo
Tome, NM

for Appellants

Smith & Payne Law Firm, P.C.
Allen R. Smith
Los Lunas, NM

for Appellees

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1} Petitioners-Appellants (Petitioners) appeal from the district court's ruling that awards Respondents-Appellees Scott Edeal and Edeal Investments (Respondents) attorney fees in the amount of $1,762.95. [RP 78, 81] Our notice proposed to affirm and Petitioners filed a memorandum in opposition. We remain unpersuaded by Petitioners' arguments and therefore affirm.

{2} Petitioners' issues relate to the central contention that the district court erred in requiring them to pay Respondents' attorney fees as a Rule 1-011 NMRA sanction. [DS 4; RP 28, 78, 81, 116] We review Rule 1-011 appeals pursuant to an abuse of discretion standard and overturn the decision of the trial court only when it "is contrary to logic and reason." *Lowe v. Bloom*, 1991-NMSC-058, ¶ 5, 112 N.M. 203, 813 P.2d 480. For reasons extensively detailed in our notice, we are not persuaded that the district court abused its discretion. As we highlighted in our notice, Respondents did not have any ownership interest in the property for which Petitioners sought injunctive relief and this lack of ownership would have been apparent had Petitioners checked the public records. [RP 81, 24, 25, 26] Because Petitioners sued Respondents before conducting necessary research to ensure Respondents were proper parties, we conclude that no abuse of discretion occurred. *See generally Rivera v. Brazos Lodge Corp.*, 1991-NMSC-030, ¶ 13, 111 N.M. 670, 808 P.2d 955 (recognizing that Rule 1-011 allows a court to "exercise its discretion and impose sanctions for a willful

violation of the rule when it finds, for example, that a pleading or other paper signed by an attorney is not well grounded in fact").

{3}      While not disputing that they failed to conduct the necessary research to ensure Respondents were proper parties, Petitioners argue in their memorandum in opposition that sanctions were nonetheless not merited because Respondents "agreed via email that Petitioners could dismiss the complaint or amend their complaint" to name the proper party. [MIO 1; RP 99] Petitioners similarly emphasize that, while they made a mistake, they took steps to correct their mistake "by amending the complaint" so that Respondents were no longer parties by the time of the May 22, 2013, hearing on Respondents' motion to dismiss. [MIO 3; RP 81]

{4}      As for the referenced email exchange, Petitioners' email to Respondents acknowledges "apparently I do have the wrong party" and then informs Respondents that "you are welcome to draft a motion to dismiss against your client *without prejudice* for my review and I will amend and file against the proper party." (Emphasis added.) [RP 99] Respondents' responding email, in turn, references the scheduled hearing on its motion to dismiss, indicates that Petitioners may stipulate to the dismissal or amend their complaint, but emphasizes that Respondents will require a dismissal *with prejudice*. (Emphasis added.) [RP 99] Given the foregoing, we do not view the referenced email exchange as coming to any type of "agreement" for

purposes of eradicating Rule 1-011 sanctions, as characterized by Petitioners in their memorandum in opposition. [MIO 1] Nonetheless, to the extent Respondents "agreed" that dismissal was appropriate, this agreement is consistent with their motion to dismiss and does not absolve Petitioners of the fact that they filed a frivolous lawsuit in the first instance. Moreover, as we stated in our notice, Petitioners' amended application for injunctive relief [RP 37], if anything, demonstrates Petitioners' failure to ensure they named a proper party. It does not, however, cure their sanctionable conduct or change the fact that Respondents incurred attorney fees in defending the frivolous suit.

{5}     We lastly disagree with Petitioners' assertion in their memorandum in opposition that the district court "denied their due process right to make Respondents prove its attorney fees." [MIO 4] At the May 22, 2013, hearing on Respondents' motion to dismiss, the district court addressed whether dismissal was merited and allowed Respondents to submit, post-hearing, an affidavit in support of their request for attorney fees. [RP 29; DS 2] Respondents did so—submitting an affidavit [RP 78] as well as an attached billing summary which detailed the matters worked on—including the dates, the time spent, and the amount of fees incurred on the referenced matters. [RP 79] In their memorandum in opposition, Petitioners specifically contest the amount of the attorney fees awarded, arguing that the district

4

court "allowed Respondent's [a]ttorney to set that amount of attorney's fees post hearing through an affidavit that did not provide an itemized billing" [MIO 3] and that the district court "did not require Respondents to prove that their request for attorney's fees was necessary to defend[] their claim." [MIO 3]

{6} We have some concern whether Petitioners' foregoing arguments were preserved below. *See generally Woolwine v. Furr's, Inc.*, 1987-NMCA-133, ¶ 20, 106 N.M. 492, 745 P.2d 717 (providing that "[t]o preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the [district] court on the same grounds argued in the appellate court"). To this end, there is no indication that Petitioners objected to the specific amount of attorney fees or to the district court allowing Respondents to submit an affidavit and billing summary of their incurred attorney fees on the date of the hearing. [RP 29, 78-79] Consistent with this, we note that Respondents' motion to reconsider the award of attorney fees, while disputing the overall appropriateness of the award of attorney fees as a Rule 1-011 sanction, does not specifically contest the specific amount of attorney fees. [RP 85] Nonetheless, assuming that these arguments were preserved, we conclude that no error took place. Our review of Respondents' submitted affidavit and its attached billing summary [RP 78-79] provides that Respondents' request for attorney fees was sufficiently itemized

and supports the amount of attorney fees requested by Respondents in defending the frivolous suit.

{7}    For the reasons discussed above and in our notice, we affirm.

{8}    **IT IS SO ORDERED.**


_____

**J. MILES HANISEE, Judge**

**WE CONCUR:**



_____

**RODERICK T. KENNEDY, Chief Judge**



_____

**MICHAEL E. VIGIL, Judge**