This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-42162

**CHAVEZ LAW OFFICES, P.A.,**

Plaintiff-Appellant,

v.

**BOARD OF COUNTY COMMISSIONERS OF DOÑA ANA COUNTY,**

Defendant-Appellee,

and

**ENRIQUE "KIKI" VIGIL, former Sheriff of Doña Ana County; JULIA BROWN, former County Manager of Doña Ana County, in her individual capacity; and FERNANDO MACIAS, former County Manager of Doña Ana County, in his individual capacity,**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Casey Fitch, District Court Judge**

Chavez Law Offices
Gene N. Chavez
Albuquerque, NM

for Appellant

Mynatt Springer, P.C.
Blaine T. Mynatt

Haley R. Grant
Las Cruces, NM

for Appellees

**MEMORANDUM OPINION**

**HANISEE, Judge.**

**{1}** Plaintiff Chavez Law Offices, P.A. (CLO), appeals from the district court's entry of sanctions against CLO and Gene Chavez, pursuant to Rule 1-011 NMRA. This Court issued a calendar notice proposing to affirm. CLO filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** On appeal, CLO asserts that the district court failed to properly apply the subjective standard in imposing sanctions, pursuant to Rule 1-011. [MIO 4; CN 5] We review for abuse of discretion. *See Landess v. Gardner Turf Grass, Inc.*, 2008-NMCA-159, ¶ 16, 145 N.M. 372, 198 P.3d 871; *see also Benavidez v. Benavidez*, 2006-NMCA-138, ¶ 13, 140 N.M. 637, 145 P.3d 117 ("Under this standard, we consider the full record to determine whether the district court's decision is without logic or reason, or clearly unable to be defended."). In relevant part, Rule 1-011(A) requires that "[e]very pleading, motion, and other paper of a party represented by an attorney, shall be signed by at least one attorney of record," and that signature constitutes a certificate that "to the best of the signer's knowledge, information, and belief there is good ground to support it." *Id.* The rule further provides that "[f]or a willful violation of this rule an attorney or party may be subjected to appropriate disciplinary or other action." *Id.* Courts consider whether Rule 1-011 sanctions are appropriate according to a subjective standard. "Any violation depends on what the attorney or litigant knew and believed at the relevant time and involves the question of whether the litigant or attorney was aware that a particular pleading should not have been brought." *Rivera v. Brazos Lodge Corp.*, 1991-NMSC-030, ¶ 18, 111 N.M. 670, 808 P.2d 955. Additionally, "[a] court may award attorney[]s fees in order to vindicate its judicial authority and compensate the prevailing party for expenses incurred as a result of frivolous or vexatious litigation." *State ex rel. N.M. State Highway & Transp. Dep't v. Baca*, 1995-NMSC-033, ¶ 12, 120 N.M. 1, 896 P.2d 1148.

**{3}** In the memorandum in opposition, CLO continues to assert the district court erred in applying the subjective standard applicable to Rule 1-011 sanctions because the subjective standard considers "whether or not [CLO] had a subjective good ground[] for filing the [c]omplaint at the time of filing, which was August 28, 2020." [MIO 5] CLO insists that it had good grounds for its claims when it filed the complaint in this case. [MIO 6] Further, according to CLO, "[t]he filing of the motion for summary judgment, the findings of the trial court and all other matters after August 28, 2020[,] are irrelevant" [MIO 4], and "[t]he only thing that legitimately matters is if the law on which [CLO] relied upon at the time of filing the [c]omplaint in August[] 2020 was sound" [MIO 12]. We disagree.

**{4}** While CLO is correct that the subjective standard focuses on what the litigant or attorney knew at the time of filing [MIO 4], nothing in the language of Rule 1-011 supports CLO's assertion that the complaint is the only filing relevant to the sanctions award in this case. Rather, Rule 1-011 specifically encompasses "[e]very pleading, motion and other paper." *See also Rivera*, 1991-NMSC-030, ¶ 13 ("A court may exercise its discretion and impose sanctions for a willful violation of the rule when it finds, for example, that *a pleading or other paper signed by an attorney* is not well grounded in fact, is not warranted by existing law or a reasonable argument for its extension, or is interposed for an improper purpose." (emphasis added)). Moreover, our Supreme Court has noted that sanctions are intended to "deter future litigation abuse, punish present litigation abuse, [and] compensate victims of litigation abuse." *Id.* ¶ 14 (citation omitted).

**{5}** As discussed in our proposed disposition, the district court made extensive and explicit findings regarding CLO's subjective intent and the point at which CLO's subjective knowledge was established in the record:

> At the very least and likely well before then, at the time [Defendant's (the County)] motion for summary judgment was filed, CLO and its counsel knew of the many issues with the case. Despite being asked to withdraw the claims and being confronted with the manifold problems in the motion for summary judgment and supporting reply . . ., CLO continued to pursue the breach of contract claim. In fact, it affirmatively filed a motion [for] summary judgment containing the same groundless allegations and support.

[4 RP 878; CN 5] Moreover, the district court recognized that "[t]here were falsehoods in the allegations and proffered evidence in support of the breach of contract claim." [4 RP 878]

**{6}** CLO seeks to minimize the importance of the district court's findings, asserting that "the findings of fact as to when an agreement was signed . . . is [sic] irrelevant" and that CLO "d[id] not have to be right about such belief, but ha[d] to have reasonable grounds" because only CLO's subjective knowledge when filing the complaint matters for purposes of imposing sanctions. [MIO 13-15] CLO cites to *Rivera*, as support for his position, suggesting that it stands for the principle that the good ground provision of Rule 1-011 is to be measured based on subjective knowledge from before the claim was filed. [MIO 3] We disagree. Not only does *Rivera* fail to support CLO's argument, it is directly contrary thereto. In *Rivera*, the appellant's quiet title claim to land was based upon a fraudulent deed, and the trial court failed to enter any findings of fact or conclusions of law when sanctioning the appellant. 1991-NMSC-030, ¶¶ 2, 21. The *Rivera* court observed that although the sanctioned party apparently had sufficient knowledge to support the allegations of the complaint, they also "actually possessed legal and factual knowledge contrary to the allegations." *Id.* ¶ 19. Because of the lack of findings, however, the Court concluded it could not "review whether an abuse of discretion occurred in the imposition of sanctions for the filing of the complaint without

speculation about the subjective knowledge of the relevant facts and applicable law held by [the sanctioned party] at the time of filing." *Id.* ¶ 21. Given that *Rivera* not only declined to review the imposition of sanctions due to the lack of factual findings, but also explicitly recognized that "[g]ood ground simply cannot exist as to any alleged proposition known to be false at the time of the filing," *id.* ¶ 18, we conclude that it does not support CLO's position on appeal and instead indicates the district court did not abuse its discretion in this case.

**{7}** CLO also cites to *Lowe v. Bloom*, 1991-NMSC-058, 112 N.M. 203, 813 P.2d 480, for the proposition that reversal of Rule 1-011 sanctions is warranted where there are no facts to suggest the sanctioned party acted for a collaterally improper purpose warranting the imposition of sanctions for a willful violation of the Rule. [MIO 7] In *Lowe*, the Court concluded that whether a claim was a compulsory counterclaim or barred as res judicata was a matter "on which reasonable lawyers and judges could differ" such that there had been no violation of Rule 1-011. 1991-NMSC-058, ¶ 9. Additionally, the Court acknowledged that the record did not indicate there had been a collaterally improper purpose warranting sanctions. *Id.*

**{8}** We believe the district court's decision in this case is in accordance with *Lowe*. In *Lowe*, sanctions were sought and awarded based solely on an argument that the litigant should not have filed the complaint at all, "given their knowledge" that the claim was not meritorious at the time of filing. *Id.* ¶ 7. Here, the County sought sanctions on the basis that CLO should not have continued to pursue its claims following the County's filing of its motion for summary judgment because, at that point, CLO was pursuing allegations that it knew to be false. [4 RP 876; 3 RP 667] In both *Lowe* and here, the subjective standard was measured at the time of a particular pleading; that the type of pleading differs does not negate the district court's assessment of good grounds under Rule 1-011. *See Lowe*, 1991-NMSC-058, ¶ 6 (citing *Rivera*, 1991-NMSC-030, ¶ 18). In addition, the district court here made factual findings as to the existence of "falsehoods in the allegations and proffered evidence" [4 RP 878], rather than a question on which reasonable lawyers and judges could differ. *See id.* ¶ 9. Moreover, contrary to CLO's assertion that the record "is void of any findings" that CLO filed baseless pleadings, or filed pleadings with an improper purpose or improper intentions [MIO 7], the district court explicitly found that CLO knew the claims it was pursuing "lacked good ground and merit under the law" and that CLO's conduct demonstrated a "subjective intent to willfully engage in litigation without good ground, merit, or basis in law." [4 RP 875-76] Such findings are sufficient. *See Rivera*, 1991-NMSC-030, ¶ 13 ("A court may exercise its discretion and impose sanctions for a willful violation of the rule when it finds, for example, that a pleading or other paper signed by an attorney is not well grounded in fact, is not warranted by existing law . . . , *or* is interposed for an improper purpose." (emphasis added)).

**{9}** CLO also continues to assert that collateral estoppel bars the district court's decision. [MIO 16-17] In particular, CLO reiterates that only one issue remained to be litigated in this case following a stipulated judgment in another case, and the district court erred in deciding matters beyond that single issue. We note, however, that CLO's

assertion in this regard fails to respond to our suggestion in the proposed disposition that CLO's assertion has already been raised, considered, and decided by the district court in granting summary judgment for the County and by this Court in an opinion affirming the district court. Accordingly, CLO has failed to satisfy its burden of demonstrating reversible error. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{10}** CLO also asserts that the district court "has not made a clear record, including an evidentiary hearing, to substantiate sanctions as mandated by law." [MIO 6, 2] We are unpersuaded. First, CLO has failed to identify any authority to support its assertion in this regard. *See Lee v. Lee* (*In re Adoption of Doe*), 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (explaining that where arguments are not supported by cited authority, we presume counsel was unable to find supporting authority, will not research authority for counsel, and will not review issues unsupported by authority). Second, the record proper establishes that on May 31, 2024, the district court held a hearing on the County's motion for sanctions, and CLO appeared at the hearing and presented argument. [4 RP 866] Third, the record proper indicates that CLO had, and took advantage of an opportunity to respond to the County's motion. [3 RP 704; 4 RP 838] CLO has therefore failed to demonstrate error as to the procedure the district court followed in imposing sanctions.

**{11}** Again, and as discussed in our proposed disposition, we note that the district court issued extensive findings of fact and conclusions of law in its sanctions order. Nothing in our review of the record or the memorandum in opposition indicates the district court's findings were not supported by the evidence or were otherwise an abuse of discretion. We therefore conclude that CLO has failed to demonstrate reversible error and that the district court did not abuse its discretion in imposing sanctions. *See Benavidez*, 2006-NMCA-138, ¶ 19 (affirming that the district court's imposition of Rule 1-011 sanctions, where it did so based on findings of fact and conclusions of law supported by evidence in the record).

**{12}** For the reasons stated in our notice of proposed disposition and herein, we affirm.

**{13}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Chief Judge**

**ZACHARY A. IVES, Judge**